AGNES THOMAS ET AL. *v.* ALEXANDER THOMAS.

1. EJECTMENT. *Improvements. Claim of title. Good faith.*

    A defendant in ejectment cannot claim for improvements, unless, when he placed them on the land, he was claiming under some deed or contract of purchase made or acquired in good faith. It is not sufficient that at the time he honestly expected that the owner, whose title he recognized, would eventually give him the land.

2. SAME. *Tenant holding over. Adverse claim. Rents.*

    If a tenant from year to year, upon the death of the landlord, assert title himself, and refuses to surrender at the end of the year, or to longer pay rent, the heirs who recover in ejectment are entitled to charge him thereafter with the reasonable rental value, regardless of the former contract price.

FROM the circuit court of Hinds county, second district. HON. J. B. CHRISMAN, Judge.

Ejectment by appellants against appellee. The *locus in quo* was purchased in 1878 by Richard Thomas from one McAlpin. The deed, as first written, was to Alexander Thomas, a son of Richard, and, as thus drawn, was by Rich-

ard filed for record, his purpose presumably being to give the land to his son. At the same time Richard filed a release, signed by a mortgagee of the land, the release being in favor of Alexander Thomas. Before the deed was recorded it was withdrawn from the clerk's office by Richard, and the name, Alexander, erased and the name, Richard, written instead; and, as thus altered, the deed was again filed and recorded. Richard, the father, paid for the land.

Alexander went into possession of the land, and the character of his holding is stated in the finding of the court. Richard, the father, died in September, 1890, and, by his will, the land in controversy was devised to his children by a second marriage, who have brought this action of ejectment against Alexander.

By consent, the cause was tried by the court without a jury, and its finding of facts and law, it was agreed, should be written and made part of the record. Thereupon, the court, after hearing the evidence, filed the following:

1. The court finds, as a matter of fact, that the original deed was made by McAlpin and wife to Alexander Thomas; that it was paid for by Richard Thomas; was made to Alexander by his direction, and. was actually delivered by the vendors to him, and never was by him actually delivered to Alexander.

2. It finds that the deed was filed for record in the clerk's office of the chancery court of Hinds county; that, before it was recorded by the clerk, was withdrawn. The deed was then altered by him by inserting his own name in the place of Alexander's, and subsequently recorded as altered.

3. It finds, as a matter of law, that the original deed was thus, constructively, delivered to Alexander, and he was invested with title.

4. It finds, as a matter of fact, that Richard took possession of the land the year the deed was made to Alexander, claiming it as his own, asserting title to it openly, and occupying and controlling it till his death.

5. That Alexander acquiesced in this claim of title by his father, and first became the tenant of Williams and afterward of his father, attorning to his father and paying him one bale of cotton rent. It finds, as a matter of law, that this adverse holding by Richard and the acquiescence of Alexander, divested the latter of title, and barred his entry.

6. It finds, as a matter of fact, that said Alexander was, nevertheless, encouraged by his father to improve the land; that he expended $250 in improving it, under the expectation, in good faith, that his father would recognize his right under the original deed, and give him the land; and that, finally, he set up claim to it under the original deed, in good faith.

7. As a matter of law, it finds that he is entitled to recover the value of the improvements, and, being a tenant from year to year without notice to quit, otherwise than by suit, is entitled to retain possession at the rent he paid to his father in his life-time. It being agreed by the parties that the value of the land is $600, it is assessed at that, and judgment is rendered accordingly.

In accordance with this finding, judgment was entered for plaintiffs that they recover the land in controversy and forty dollars rent, this being the rent paid by defendant under his contract for the previous year, but allowing the defendant $250 for improvements placed by him on the premises.

From this judgment the plaintiffs appeal and the defendant prosecutes a cross-appeal.

*J. K. McNeely,* for appellants and cross-appellees.

Plaintiffs were entitled to recover the reasonable rental value of the place for the year 1891. If defendant was a tenant from year to year under a continuing contract, it was concluded by the death of the landlord. He had the right to keep the place for the remainder of the year, but could not claim to hold over another year under the contract. He should have attorned to the new proprietors and made a new contract. 12 Ga., 400; 21 Me., 114; 11 Ves., 391. Especially

so as he disclaimed the title of the landlord. Parsons, Con., 514, 541; 3 Wend., 337; 20 Am. Dec., 699; Boone on Real Prop., § 99.

Defendant could not claim for the improvements put upon the place during his tenancy. 4 J. J. Marshall, 227; 4 McCrary, 459; 7 Lea, 635. There must have been a claim under some deed or contract of purchase made or acquired in good faith. Code 1880, § 2512; *Johnson* v. *Cole*, 53 Miss., 94; *Gaines* v. *Kennedy, Ib.*, 103.

*M. M. McLeod*, on the same side.

Defendant made no claim in his father's life-time to own the land. His claim, at best, was that it was the intention of his father to give him the land; but if this purpose ever existed, it was long ago abandoned. He was a tenant, and could not claim for improvements.

By allowing plaintiffs only $40 rent for the year succeeding their father's death, the court virtually held them parties to the previous rent agreement between him and the defendant. The actual rental value should have been given.

*H. Peyton* and *C. M. Williamson*, for appellees and cross-appellants.

If the court was right in finding that Richard Thomas had title by adverse possession, there was no error in allowing for improvements made by Alexander. He made them in good faith, and in the belief that the land belonged to him.

If Alexander paid any rent at all, it was without any contract, and at the rate of forty dollars a year—the value of one bale of cotton. The court allowed that sum for 1891, and that was proper.

WOODS, J., delivered the opinion of the court.

Not concurring in one point in the views of the learned judge who heard this case below, we are constrained to reverse the judgment.

The sixth and seventh findings of the court are erroneous. The appellee, Alexander Thomas, was a tenant from year to year of Richard Thomas, deceased, who entered under the deed recorded December 15, 1878, and whose rights are correctly found by the court below; and, in this action at law, Alexander can only recover for improvements made by virtue of a claim to the premises under some deed or contract of purchase, made or acquired in good faith. That Alexander expected, in good faith, that Richard, his father, would recognize his right under the original deed, and expected that his father would give him the land, and that he finally set up claim to the premises under the original deed, will not meet the conditions imposed by our statute on one seeking compensation for improvements. To make good his claim to compensation for improvements, Richard should have shown that, when he made the improvements, he was claiming the premises under some deed or contract of purchase, made or acquired in good faith, and not that he expected his father would recognize his supposed title to the lands, and give him the same. Alexander was not entitled to compensation for improvements, in our opinion.

Furthermore, the death of Richard, and the refusal of Alexander to pay any rent thereafter, terminated his tenancy, and for the year 1891 the plaintiffs below were entitled to recover, not the rent due under the former contract with the deceased landlord, but what the leased premises were shown to be reasonably worth.

Because of these errors, unfavorable and unjust to appellants, the judgment must be

*Reversed and the cause remanded.*